UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TYIANA MORRIS,                                        **COMPLAINT**

                                                         **16 cv 2549**
                                                         **ECF Case**

               Plaintiff,
     vs.

The CITY OF NEW YORK,
POLICE OFFICERS
REBECCA GONZALEZ, Shield 28578,
RANDYS FIGUEREO, Shield 19407,                        **JURY TRIAL DEMANDED**
LIEUTENANT PAUL PRENDERGAST,
in their individual and official capacities,

               Defendants.
-------------------------------------------------------------x

Plaintiff Tyiana Morris, by her attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the false arrest, excessive force, and malicious prosecution of Tyiana Morris ("Plaintiff") as she was walking her dog in her neighborhood and was falsely arrested and charged with gambling on the sidewalk. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest, excessive force, and malicious prosecution, and failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations.  Additionally, Plaintiff asserts analogous claims under New York Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*.  Plaintiff also asserts the New York law

1

claim of trespass to chattels.  Plaintiff seeks compensatory and punitive damages, lost wages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First and Fourth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on each and every one of her claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Tyiana Morris is a 23-year-old African-American female, who had never been arrested before the incident described in this Complaint.  She is a United States citizen, and a resident of Manhattan.

7. The individually named defendants Police Officer Rebecca Gonzalez (Shield # 28578) ("PO Gonzalez"), Police Officer Randys Figuereo (Shield # 19407) ("PO Figuereo"), Lieutenant Paul Prendergast (Tax ID # 916467) ("Lt. Prendergast") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

8. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the Housing Bureau – Police Service Area 6.

9. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

11. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

12. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h, which hearing was held on January 4, 2016.

13. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

14. On Friday, July 24, 2015, around 8:20 PM, Plaintiff was walking her dog, "Bentley," an eight-year-old Yorkie with epilepsy, outside in her neighborhood in upper Manhattan, New York City.

15. On the northeast corner of 152nd Street and 8th Avenue, as Bentley was relieving himself, Plaintiff saw her friend Tiffany Bennett ("Ms. Bennett"), and two young men from the neighborhood, and they began chatting.

16. Nothing unlawful transpired in the conversation between Plaintiff, Ms. Bennett and the two young men, whose names are Dexter Capers ("Mr. Capers") and Damin Williams ("Mr. Williams").

17. No objects of any kind were exchanged between Plaintiff, Ms. Bennett, and the two men. They were simply talking.

18. Not far from Plaintiff were a few people appeared to be rolling dice, but Plaintiff, who was also holding Bentley's leash, was not paying attention to them.

19. Suddenly a police van pulled up and people on the sidewalk started running away, including the men rolling dice.

20. None of the people who ran away at the sight of the police were pursued or apprehended. The police instead set their sights on the guiltless ones who did not run.

21. Plaintiff, Mr. Capers, and Mr. Williams did not run.

22. Plaintiff felt herself suddenly grabbed from behind, and she saw PO Gonzalez, in uniform, telling Plaintiff that she was under arrest.

23. PO Gonzalez handcuffed Plaintiff behind her back, squeezing the handcuffs so tight they cut into Plaintiff's wrists.

24. Plaintiff asked why she was being arrested and was told by PO Gonzalez, "You were gambling."

25. Plaintiff complained of the tightness of the handcuffs, but her complaints were ignored and her handcuffs remained excessively tight.

26. Plaintiff was searched, and her ID, bank card, keys, and phone were taken from her; she had no cash.

27. Meanwhile, Lt. Prendergast and PO Figuereo, both wearing plain clothes, had arrested Mr. Capers and Mr. Williams, also for gambling.

28. The people who were actually rolling dice ran away and were unapprehended.

29. Plaintiff asked the individual defendants if Ms. Bennett (who was not arrested) could take Bentley, but the defendants insisted that Bentley also go into police custody.

30. Plaintiff was then transported in a paddy wagon, along with Bentley, to the Police Service Area 6, located at 2770 Frederick Douglass Boulevard, between 147th and 148th Streets, in Manhattan (the "Precinct").

31. At the Precinct, Plaintiff was booked and processed, fingerprinted and photographed, searched and detained in a holding cell.

32. At the Precinct, the individual defendants collectively fabricated a false narrative about Plaintiff's behavior, lying and claiming she was gambling with Mr. Capers and Mr. Williams.

33. While Plaintiff consistently and plausibly denied her involvement in any gambling activity, the individual defendants distorted her innocent statements to seem inculpatory.

34. Bentley was locked in a cage, barking and crying, fed hard food he couldn't chew (he is missing teeth and can eat only soft food). Plaintiff's mother came to pick up Bentley soon after Plaintiff called her from the Precinct.

35. Plaintiff remained at the Precinct for a few hours, after which she was placed in a paddy wagon with only men and transported to Central Booking in lower Manhattan.

36. After being held in Central Booking through most of Saturday, July 25, Plaintiff was finally arraigned in New York County Criminal Court ("Court") on Docket 2015NY047674.

37. According to the Criminal Court Complaint (the "Complaint"), which was sworn to by PO Gonzalez, Plaintiff was charged, along with co-defendants Mr. Capers and Mr. Williams, with possession of a gambling device and loitering for the purpose of gambling.

38. Specifically, PO Gonzalez states in the first paragraph of the Complaint: "I am informed by Lieutenant Paul Prendergast of PSA 6 that he observed the defendants standing in a circle rolling dice and exchanging money at the above location, a public place. Specifically, I am informed by Lieutenant Prendergast that he observed each of the defendants hold and then roll the dice and that he observed money being exchanged between the defendants and one unapprehended individual after the dice were rolled. I am informed by Lieutenant Prendergast that based on his training and experience, the defendants were engaging in gambling with dice."

39. In the second and final paragraph, PO Gonzalez states: "I am informed by Police Officer Randys Figuereo that he recovered the above-mentioned dice from the

ground where he observed defendant Capers drop them.  I know, based upon my training and experience, that dice are used in games of chance and for the purpose of gambling."

40. Beneath that paragraph in the Complaint is the warning in bold: "False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes."  Beneath that warning, PO Gonzalez signed her name, dated 7/25/15, at 9:53 PM

41. Plaintiff was released on her own recognizance but was ordered to return to Court on September 28, 2015 for the supporting depositions of Lt. Prendergast and PO Figuereo, which were necessary for the case to move forward.

42. On September 28, 2015, Plaintiff appeared in Court, and the District Attorney's Office did not have those supporting depositions.  The case was adjourned to November 2, 2016 for the final opportunity for the DA's Office to file and serve the two supporting depositions.

43. On November 2, 2016, the DA's Office did not have the supporting depositions and, accordingly, the case was dismissed under the NY Criminal Procedure Law Section 30.30.

44. The cases of Mr. Williams and Mr. Capers were also dismissed.

45. As a result of the emotional and physical hardship she endured, Plaintiff did not work at Burger King on Sunday, July 26, thus missing about sixteen hours of work ($8.75 per hour) over Saturday and Sunday.

46. About two days after the incident, Bentley suffered a seizure.

47. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would

engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

48. There is a systemic failure to identify, discipline, and supervise NYPD officers who fabricate charges, a failure so widespread, obvious, and tolerated as to constitute a custom and policy of Defendant City.

49. The NYPD's flaccid response to lying officers – particularly in the context of filing false charges – constitutes an irrational custom and policy that fosters a culture of mendacity in the NYPD.

50. Proportionate and appropriate discipline sends a message to NYPD officers that they are not above the law and are accountable to the people whom they serve. But when it comes to making false statements on court documents, NYPD officers almost never face discipline.

51. The Civilian Complaint Review Board ("CCRB") has no jurisdiction to investigate allegations of fabricated statements by NYPD officers in criminal court documents. Investigating, controlling, and punishing this type of wrongdoing is the responsibility of the NYPD.

52. The inadequacy of NYPD's supervision and discipline with respect to dishonesty in the filing of criminal charges is exacerbated by the pressure on police officers to meet arrest quotas, or "performance goals," which pressure officers to arrest people and file charges unlawfully, a pressure not tempered by adequate safeguards that ensure citizens are not wrongfully arrested and charged.

53. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

a. Violation of her constitutional rights under the Fourth Amendment to the United States Constitution;

b. Lost income;

c. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

### FIRST CLAIM

### Deprivation of Federal Civil Rights Under Section 1983

54. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

55. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

56. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the First and Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

57. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SECOND CLAIM

### False Arrest Under Section 1983

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. By the actions described above, Defendants deprived Plaintiff of her federal civil rights, including her Fourth Amendment right to be secure in her person against unreasonable searches and seizures, specifically her right to be free of false arrest.

61. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### Malicious Prosecution Under Section 1983

63. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

64. By the actions described, the Defendants deprived Plaintiff of her Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically her right to be free from malicious prosecution.

65. Without probable cause, the individual defendants directly and actively initiated a criminal proceeding against Plaintiff, creating a fraudulent theory of guilt.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### Excessive Force Under Section 1983

67. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

68. By the actions described, the individual defendants deprived Plaintiff of her Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically her right to be free from excessive and unreasonable force.

69. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

70. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

71. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights by other law enforcement officers.

72. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

73. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SIXTH CLAIM

### Municipal Liability Under Section 1983

74. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

75. By the actions described, the Defendant City deprived Plaintiff of her Fourth Amendment right to be free of false arrest, excessive force, and malicious prosecution through its failure to train, supervise, and discipline mendacious and malicious officers; through its fostering a culture of abuse and dishonesty among those who wield considerable power over the lives of everyday citizens; and through its failure to train officers on the First Amendment.

76. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

## FIRST CLAIM

### False Imprisonment under N.Y. State Law

77. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

78. The individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

79. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Malicious Prosecution Under N.Y. State Law

80. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

81.     As detailed above, the individual defendants intentionally and with actual malice initiated a felony prosecution against Plaintiff without probable cause.  The prosecution terminated in Plaintiff's favor when all charges against her were dismissed.

82.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged .

## THIRD CLAIM

### Battery Under N.Y. State Law

83.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

84.     As detailed above, the individual defendants intentionally touched Plaintiff in an offensive and harmful manner, and they intentionally subjected her to offensive and harmful contact.

85.     As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law
### (Against Defendant City of New York)

86.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

87.     Defendant City owed a duty of care to Plaintiff to prevent the false arrest, malicious prosecution, and mental and emotional abuse sustained by Plaintiff.

88.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

89.     Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

90.     Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

91.     As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Trespass to Chattels

92.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

93.     Defendants intentionally damaged and interfered with Plaintiff's use and enjoyment of her dog, Bentley.

94.     As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## SIXTH CLAIM

### Respondeat Superior Under N.Y. State Law

95.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

96.     Defendant City is the employer of the individual defendants.

97.     Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment – in this case, the false imprisonment, malicious prosecution, and excessive force committed by the individual defendants against Plaintiff.

98. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a.    An order awarding compensatory damages for Plaintiff Tyiana Morris in an amount to be determined at trial;

    b.    An order awarding punitive damages in an amount to be determined at trial;

    c.    A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d.    Such other and further relief as this Court may deem appropriate.

DATED: April 5, 2016  
New York, New York

_____s/_____  
CYRUS JOUBIN, ESQ.  
43 West 43rd Street, Suite 119  
New York, NY 10036  
(703) 851-2467  
joubinlaw@gmail.com  
Attorney for Tyiana Morris